IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Maribel Torres Morales**<br>*Plaintiff*<br><br>*v.*<br><br>Universidad de Puerto Rico,<br>Gobierno de Puerto Rico<br>*Defendants* | CIVIL ACTION<br>Case No. 3:24-cv-1479<br>Employment Discrimination<br>• GENDER/SEX<br>• Retaliation<br><br>*Demand for Jury Trial* |

## COMPLAINT

### INTRODUCTION

1. The Plaintiff *Maribel Torres Morales* brings this civil action pursuant to Title VII of the Civil Rights Act, to remedy acts of employment discrimination and retaliation perpetrated against her. The Plaintiff asserts unlawful acts of discrimination because of her *gender* and protected activity were perpetrated against her by defendant Universidad de Puerto Rico (Hereinafter "Defendant") Plaintiff was also subjected to workplace *retaliation* shortly after filing her EEOC Charge. Despite Plaintiff having worked for defendant for over twenty-six (26) years.

2. On December 5, 2022, plaintiff filed EEOC Charges of Discrimination EEOC Case No. 515-2023-00115, as result of defendants' violation of Title VII. Shortly after Plaintiff's work environment became more hostile and worsened by responsible management officials. Similarly situated individuals were treated more favorably. Plaintiff had engaged in protected activity and the defendant knew of her EEOC charge. On July 17, 2024, EEOC issued Notice of Right to Sue.

3. The Plaintiff was subjected to workplace discrimination because of her *gender*, while similarly situated male employees were treated more favorably by her employer. Similarly situated male employees *Javier E. Carrion Guzman* and *Agustin Corchado Vargas* were more favorably treated by plaintiff's employer.

4. The Plaintiff respectfully asks the Court to find defendants in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Rights Act, and Puerto Rico laws, and

1

to award the relief requested below. Defendants violated her rights under Federal and Puerto Rico law, and plaintiff seeks what is fair and just, compensatory, punitive damages, and attorney fees.

## JURISDICTION

5. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, and Court may also exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

6. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on defendant's premises, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b)(2), venue lies in this judicial district.

7. Prior to filing this lawsuit, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), where she charged defendant with discrimination based on her gender/sex. The charge placed defendants on notice of her claims under Federal employment statutes, including Title VII for gender discrimination and retaliation. She later received a Notice of Right to Sue. Defendants were also charged with *continuing* discrimination.

8. On July 17, 2024, the EEOC issued a Notice of Right to Sue with regards to her retaliation charge 515-2023-00115.

## PARTIES

7. Plaintiff *Maribel Torres Morales* ("Torres-Morales") is a citizen of Trujillo Alto, Puerto Rico, who at all relevant times identified as a woman, who has worked for defendant for over twenty-six (26) years and at all relevant times employed by defendants in the Commonwealth of Puerto Rico. She is a *woman* and belongs to a protected group of employees. She resides in the

judicial District of Puerto Rico. Plaintiff had no recurring performance or discipline issues related to employment.

8. The Defendant University of Puerto Rico ("Defendant") is Gobierno de Puerto Rico (Commonwealth of Puerto Rico) premier public university, where all relevant events occurred at its Rio Piedras Campus, and has the following mailing address Administracion Central, UPR, 1187 Calle Flamboyan, San Juan PR 00976. At all relevant times, the plaintiff was supervised by defendant and worked under direct supervision of defendant employees, who treated her unfavorably because of her *gender*. Defendant is vicariously liable for plaintiff's supervisors' unlawful actions and omissions.

9. The codefendant *Gobierno de Puerto Rico* (Commonwealth of Puerto Rico) is made a party to this case to comply with service of process requirement for civil actions brought against the Commonwealth.

10. The Plaintiff reserves the right to amend her Complaint, to include other employer's supervisors and/or entities that could be held vicariously liable for defendants' unlawful actions.

11. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

12. The Plaintiff has worked for defendant for over twenty-six (26) years, and her work performance at Secondary School level has been excellent, without recurring performance issues.

13. Plaintiff was initially subjected to discrimination because of gender, by supervisor Mayra B. Charriez Cordero, Vice President of Student Affairs, plaintiff was selectively prosecuted by Supervisors Miguel Hernandez Delgado and Elenea Maldonado Vargas, on March 18, 20220, when she was falsely accused of misconduct with a student, a pretextual excuse. Specifically, supervisors Elena Maldonado Vargas and Miguel A. Hernandez Delgado, selectively removed

3

plaintiff from her workplace at the Secondary School of Universidad de Puerto Rico. Defendants treated plaintiff differently because she was a woman, in violation of due process and applicable regulation, no interactive process was followed to allow parents to discuss first any issue with the teacher, specifically the plaintiff. No interactive process, nor alternate dispute process was followed, to reach an agreement, prior to subjecting the plaintiff to selective prosecution and exclusion from the workplace. At no time, defendant met with plaintiff to notify her of the parents' allegation, prior to her being removed from the workplace. She was not given an interview nor allowed to explain her version. As result of the false allegations levied against her, and supervisors' selective prosecution, she was placed at the General Faculty Studies, and she was not allowed to return back to her original workplace. She was prohibited from performing her assigned tasks as Counselor, and she was not allowed to communicate with her former students.

14.    At some point, in August 2022, plaintiff was notified that the allegations proved to be unsubstantiated, and she was allowed to go back to her original workplace in the Secondary School. However, upon return, she was further subjected to a hostile work environment and once again selectively prosecuted by her male supervisor Miguel Hernandez Delgado. On September 13, 2022, he went into the Compliance/Audit Office and filed a baseless charge against plaintiff, falsely alleging that she had sexually harassed him. Both Mayra Charriez Cordero and Elena Maldonado Vargas, female Supervisors, conspired with male supervisor, to defame and instructed Miguel Hernandez Delgado to file the frivolous sexual harassment charge against the plaintiff, as retaliation for plaintiff having complained about a hostile work environment and selective prosecution because she was a woman. This was retaliation by Hernandez Delgado, after the plaintiff has initial rejected his sexual advances via phone, back on May 25, 2021, when she rejected him. Hernandez Delgado had initially retaliated against plaintiff, back on March 2022, when he contacted via phone the School Dean Carlos Ayarza Real, to falsely accused her of sexually harassing him.

15. At various times, defendants modified aversely, plaintiff terms and conditions of employment, subjecting her to false allegations of sexual harassment, despite the fact the these were pretextual excuses to retaliate against her, as a woman, for complaining about a hostile work environment.

16. Plaintiff was subjected to disparate treatment, because similarly situated male employees J*avier E. Carrion Guzman* and *Agustin Corchado Vargas*, were *not* subjected to similar changes in terms and conditions. They were also treated more favorably by defendants, with respect to adverse employment actions, and were treated more lenient by defendants.

17. The plaintiff suffered willful sex-based/gender discrimination in the workplace because she was treated unfavorably by the employer, because she was a *woman*. She was treated less favorably than her similarly situated male counterparts.

18. Plaintiff believes her selective prosecution because she is a woman, was retaliatory because on October 28, 2022, plaintiff complained about sexual harassment to her employer, by *Hernandez Delgado*, and asked her employer to take remedial actions to protect her. Defendant employer refused, selectively acting upon a baseless complaint filed by harasser against her. She was treated differently and subjected to selective prosecution, and a hostile work environment.

## Administrative Exhaustion

19. Plaintiff filed an EEOC Complaint charging defendant with gender discrimination. The EEOC issued a Notice of Right to Sue, and the Plaintiff has filed this civil action within 90 days of her receipt of the Agency's notice. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. The Plaintiff comes before this Court to seek what is deemed to be fair and just, thru reasonable compensation for her damages as a result of her employer's unlawful work practices.

## CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

20. The foregoing paragraphs are realleged and incorporated by reference herein.

5

21. Defendants' conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

22. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of her gender and *also prohibits retaliation* against an employee who asserts her rights under the law. Title VII also prohibits workplace disciplinary practices that may have a *disproportionate* impact on a protected group of people, including *females.* Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

23. Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The harassing action need not be inspired "by sexual desire" to be redressable under Title VII – the only requirement is that the action must be because of the victim's sex. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); accord *Pérez-Cordero*, 656 F.3d at 28; *O'Rourke v. City of Providence*, 235 F.3d 713, 729 (1st Cir. 2001). An employer's creation or toleration of a hostile work environment, if sufficiently severe or pervasive, can qualify as an adverse employment action. See, *Noviello v. City of Boston*, 398 F.3d 76, 88-90 (1st Cir. 2005); *Quiles-Quiles v. Henderson*, 439 F.3d 1, 9 (1st Cir. 2006) ("[t]he adverse employment action requirement may be satisfied by showing the creating of a hostile work environment or the intensification of a pre-existing hostile environment."). Here defendant help intensification a pre-existing hostile work environment.

### COUNT II: Retaliation in Violation of Title VII, 42 U.S.C. §2000e. et seq.

24. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

25. The elements of a prima facie case for retaliation under Title VII are: (1) the plaintiff engaged in protected opposition to discrimination, (2) a reasonable employee would have

6

found the alleged retaliatory action to be materially adverse, and (3) there is a causal connection between the protected activity and the alleged retaliatory action. See *Khalik*, 671 F.3d at 1193.

26. In this case, plaintiff engaged in protected conduct by making internal complaints. See *Petrarca v. Southern Union Co.*, No. 04-310S, 2007 WL 547690, at *12 (D.R.I. 2007) (citing 42 U.S.C. § 2000e-3(a)) ("protected conduct under Title VII's anti-retaliation provision is not limited to filing an administrative charge of discrimination. It expressly prohibits retaliation for 'oppos[ing] any practice made an unlawful practice' by Title VII."); see also *Perez-Cordero v. Wal-Mart Puerto Rico, Inc.*, 656 F.3d 19, 31 (1st Cir. 2011) (holding plaintiff's reporting of complaints to his superiors about the harassment to which he was subjected suffices to show his "opposition" to that harassment within the meaning of Title VII).

27. Title VII's purpose is to protect employees from an employer's unlawful actions. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006). "The relevant question is whether [the employer] was retaliating against [the plaintiff] for filing a complaint, not whether he was motivated by gender bias at the time." See DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008).

28. Plaintiff is also entitled to a substantial award of *punitive damages*, as defendants engaged in retaliatory conduct with *malice* or *reckless indifference* to her federally protected rights. Title VII authorizes punitive damages when a plaintiff demonstrates that the defendant engaged in *intentional* discrimination with malice or reckless indifference to the federally protected rights of an aggrieved individual. See *Rodriguez-Torres*, 399 F. 3d at 64 (quoting 42 U.S.C. §1981a (b)(1)). See also *Kolstan v. American Dental Ass'n.*, 527 U.S. 526 [(1999)]

29. In the present case, defendants failed to sufficiently engage in a good-faith effort to implement an effective policy to prevent plaintiff's supervisor and RMO retaliatory actions.

**COUNT III: Violation of Commonwealth of Puerto Rico Laws**

30. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### Gender Discrimination

31. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by the employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her sex, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption*.

### Unlawful Retaliation

32. Puerto Rico's Act No. 115, approved on December 20, 1991, is Puerto Rico's Employment *Anti-retaliation* Act ("Ley de Represalias contra empleado por ofrecer testimonio y causa de Accion""). It prohibits employers from retaliating against an employee who reports employer's unlawful practices to a government agency's investigation. Plaintiff belonged to a protected class *after* initiating EEOC investigations into employer's unlawful workplace practices. Act No. 169 (2014) amended Act No. 115 to extend its protection to employees that participate in internal company procedures. In this case, plaintiff filed internal complaint.

33. In this case, the plaintiff will establish that her protected activity was a but-for cause of the alleged adverse action by the employer, shortly after she filed her EECO Charge. Her internal complaints t as well as her EEOC Charge were in fact a motivating factor for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006). Further, the plaintiff could be entitled to *doubling* of her damages pursuant to Puerto Rico Act No. 115, 29 L.P.R.A. §194 et seq., in this it is undisputed that the plaintiff complained internally and filed an EEOC Charge. As such, plaintiff's protected activity fits the scope of Act No. 115.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendants' conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff all other equitable relief.
C. That this Honorable Court enjoins Defendants from engaging in additional discrimination and retaliation against the Plaintiff.
D. That this Honorable Court award *compensatory and general damages* in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by laws of the United States and the Commonwealth.
E. That this Honorable Court award exemplary and *punitive damages* in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendant's willful, wanton, and malicious acts with conscious disregard and indifference to her rights.
F. That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.
G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 15th. Day of October 2024.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

/S/ Winston Vidal-Gambaro
Winston Vidal-Gambaro
**USDC-PR 130401**
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: wvidal@prtc.net
wvidal.law@qmail.com

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading will be served upon all parties for whom counsel has not yet entered an appearance electronically.

    /S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*